# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7363 | **DATE** | 3/9/2001 |
| **CASE TITLE** | Johnny's IceHouse, Inc., et al vs. Amateur Hockey Assoc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In summary, Advanced's entire current pleading is stricken. (32-1) Its counsel are ordered to file a self-contained Amended Answer in this Court's chambers (with service of course on the other litigants) on or before March 19, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAR 1 2 2001 | |
| | Notified counsel by telephone. | date docketed | 37 |
| | Docketing to mail notices. | C.S. | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 3/9/2001 | |
| | | date mailed notice | |
| SN | courtroom deputy's initials | SN | |
| | | mailing deputy initials | |

Date/time received in central Clerk's Office

FILED FOR DOCKETING
01 MAR -9 PM 4:07

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHNNY'S ICEHOUSE, INC., et al., )
)
Plaintiffs, )
)
v. ) No. 00 C 7363
)
AMATEUR HOCKEY ASSOCIATION OF )
ILLINOIS, et al., )
)
Defendants. )

MEMORANDUM OPINION AND ORDER

Advanced Arenas, Inc. ("Advanced") has filed what purports to be its Answer to Complaint and First Amendment to Complaint. Because that pleading proceeds from a series of warped perceptions of basic principles of federal pleading, it is stricken in its entirety, and Advanced's counsel must return to the drawing board.[1]

It is true that on January 22, 2001 this Court dismissed Advanced as a defendant to the original Complaint in this action because that initial pleading failed to state a claim against Advanced (the test under Fed. R. Civ. P. ("Rule") 12(b)(6)). But Advanced's current filing, which is addressed to the original Complaint as modified by its First Amendment, has somehow

---

[1] There is no reason that Advanced must pay for the mistakes of its counsel, who really should know better in the respects identified here. Hence no charge is to be made to Advanced for this added work and expense. Counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

distorted that ruling into one that purportedly dismissed all of the <u>allegations</u> in the original Complaint as against Advanced, thus entitling it to avoid responding to those allegations at all (Answer ¶¶1-4, 34, 90-93, 95-97, 99-100, 102-107,[2] 110-14 and 116-18). That is dead wrong, and Advanced is ordered to answer plaintiffs' current version of the Complaint (as amended) <u>in its entirety</u>.

Next, Advanced's objection that asserts a lack of subject matter jurisdiction (Answer ¶¶7 and 8) reflects another skewed approach to the law, for 28 U.S.C. §1367(a) expressly confers "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." And that section just as expressly allows the addition of parties defendant (such as Advanced) once the "case or controversy" criterion has been satisfied, as is assuredly true here. Both Answer ¶¶7 and 8 and the corresponding First and Second Affirmative Defenses are therefore stricken.

Third, Advanced's counsel has salted the Answer liberally with a packet of apparently meaningless demands for "strict proof" (Answer ¶¶9-15, 17-33, 35, 37-52, 59-64, 66, 67, 70, 71,

---

[2] Advanced has (obviously inadvertently) failed to answer Complaint ¶108.

2

74, 78 and 120-21), a term that to this Court's knowledge is entirely foreign to federal pleading (or, for that matter, to any other system of pleading known to this Court). It is of course entirely possible that this Court may be mistaken in that respect, and counsel's extensive usage would suggest that they may know better. Accordingly Advanced's counsel are ordered, in addition to the repleading required by this opinion, (1) to research the origins and current propriety of the "strict proof" locution and (2) to file a memorandum on that subject in this Court's chambers together with the Amended Answer required by this memorandum opinion and order.

Fourth, Advanced's counsel have taken it upon themselves to decline to answer another host of the Complaint's allegations on the premise that they "are not directed toward Advanced." That type of self-determination is also impermissible--instead, Rule 8(b) requires that <u>all</u> allegations be responded to in one of the three ways specified there.[3]

In summary, Advanced's entire current pleading is stricken. Its counsel are ordered to file a self-contained Amended Answer in this Court's chambers (with service of course on the other

---

[3] This is not simply makework. Where as here the matters alleged by plaintiffs make up a seamless web (essentially the "case or controversy" concept), plaintiffs are entitled to learn what each of their target defendants know or do not know about the various allegations, even though a particular defendant may not be a direct target of one or more of plaintiffs' claims.

litigants) on or before March 19, 2001 (and see n.1).

                              /s/ Milton I. Shadur
                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:   March 9, 2001